# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DE'VON BEAN, | ) | Case No. |
| c/o David B. Malik | ) | |
| Malik Law | ) | JUDGE |
| 8437 Mayfield Rd. Suite 101 | ) | |
| Chesterland, OH 44026, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CUYAHOGA COUNTY | ) | Jury Demand Endorsed Hereon |
| 1219 Ontario Street | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENNETH MILLS | ) | |
| JAIL DIRECTOR | ) | |
| Cuyahoga County Sheriff Department | ) | |
| 12115 West 3rd Street | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| **Individually and in His Official** | ) | |
| **Capacity as the Jail Director for the** | ) | |
| **Cuyahoga County Sheriff's** | ) | |
| **Department (former)** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OFFICER BRANDON SMITH | ) | |
| OFFICER MARVIN MILLER | ) | |
| Cuyahoga County Sheriff Department | ) | |
| 12115 West 3rd Street | ) | |
| Cleveland, Ohio 44113 | ) | |
| | ) | |
| **Individually and in Their Official** | ) | |
| **Capacities as Employees of the** | ) | |
| **Cuyahoga County Sheriff's** | ) | |
| **Department** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE METROHEALTH SYSTEM | ) | |

1

| | |
|---|---|
| **The MetroHealth System** | ) |
| **2500 MetroHealth Drive** | ) |
| **Cleveland, Ohio 44109** | ) |
| | ) |
| **and** | ) |
| | ) |
| **CATHERINE CLARK, RN** | ) |
| **The MetroHealth System** | ) |
| **2500 MetroHealth Drive** | ) |
| **Cleveland, Ohio 44109** | ) |
| | ) |
| **Individually and in Her Official** | ) |
| **Capacity as a Nurse in the Cuyahoga** | ) |
| **County Corrections Center** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MARY E. HANCOCK, MD** | ) |
| **The MetroHealth System** | ) |
| **2500 MetroHealth Drive** | ) |
| **Cleveland, Ohio 44109** | ) |
| | ) |
| **Individually and in Her Official** | ) |
| **Capacity as a Physician in the** | ) |
| **Cuyahoga County Corrections Center** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## I.  PRELIMINARY STATEMENT

1. This civil rights case seeks redress for the violation of Plaintiff De'Von Bean's Fourth, Eighth, and Fourteenth Amendment constitutional rights. This case also seeks redress for the state law claims of assault and battery, negligence, and medical malpractice. The violation of Mr. Bean's state and federal rights began on May 6, 2018 while he was in the custody of the Cuyahoga County Corrections Center ("CCCC"). On that day, Defendant Officers Brandon Smith and Maurice Miller, both Special Response Team ("SRT") members aka "The Men in Black", used excessive, unconstitutional, gratuitous, and

2

unreasonable force when Smith physically assaulted Mr. Bean without justification and then Miller proceeded to spray Mr. Bean in his severely injured face. There was no legitimate or legal justification for these Defendant Officers to abuse, assault, and injure Mr. Bean. Mr. Bean was unarmed. Mr. Bean did not pose a threat at the time the excessive, gratuitous, unconstitutional, and unreasonable force was employed. Mr. Bean brings this civil rights action to secure fair compensation and to encourage CCCC Officers to refrain from the unnecessary, illegal, gratuitous, unreasonable, unconstitutional, and excessive use of force against unarmed and non-threatening citizens in the future.

2. Defendant Smith's and Defendant Miller's illegal and unconstitutional conduct was known, approved, and ratified by agents/employees of Defendant Cuyahoga County and Defendant Mills who failed to report, review, and conduct a meaningful and adequate investigation into Defendant Officers' illegal use of force.

3. Defendant Cuyahoga County and Defendant Mills failed to properly train and supervise SRT members including Defendant Officers Smith and Miller.

4. Defendant Cuyahoga County and Defendant Mills created and consistently allowed a pattern and practice of SRT members to violate the constitutional rights of those in custody of the CCCC.

5. Despite Mr. Bean's obvious and serious injuries that resulted from the attack on him, Mr. Bean was left in a cell suffering in horrible pain without proper medical care. Once Mr. Bean finally received a prescription for pain medication, it was withheld for an unreasonable amount of time, further causing pain and injury to Mr. Bean.

## II.     JURISDICTION

6. Jurisdiction over claims arising from Defendants' violation of the Civil Rights Act is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

7. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367.

8. Venue is proper in this division.

### III. THE PARTIES

9. Plaintiff De'Von Bean was a resident of Cuyahoga County, Ohio during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution.

10. Defendant Cuyahoga County is a unit of local government organized under laws of the State of Ohio. Defendant Cuyahoga County is also a "person" under 42 U.S.C. §1983 and at all times relevant to this case acted under color of law.

11. Defendant Kenneth Mills was at all times herein the Director, Regional Corrections Cuyahoga County Sheriff's Department. Defendant Mills was at all times responsible for reviewing all Use of Force incidents to ensure compliance with the facility's policies. He is sued in his official and individual capacities. Mills is a "person" under 42 USC 1983 and at all times relevant to this case acted under color of law. Mills is a final policymaker.

12. Defendant Officer Brandon Smith was at all times relevant to this action an employee of Cuyahoga County. He was serving as an on-duty police SRT Officer on May 6, 2018 Defendant Smith is sued in his individual and official capacities. Defendant Smith is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

13. Defendant Officer Maurice Miller was at all times relevant to this action an employee of Cuyahoga County. He was serving as an on-duty police SRT Officer on May 6, 2018 Defendant Miller is sued in his individual and official capacities. Defendant Miller is a person under 42 U.S.C. §1983 and at all times relevant to this case acted under color of state law.

14. Defendant MetroHealth Medical Center is and was all times relevant to this action the contracted party providing through its medical professionals, necessary, regular, and routine medical services, examinations, and treatment to the inmates of the CCCC. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

15. Defendant Catherine Clark, RN, is and was at all times relevant to this action a nurse employed by The MetroHealth System in the CCCC.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  She is sued in her individual and official capacity.

16. Defendant Mary E. Hancock, is and was at all times relevant to this action a doctor employed by The MetroHealth System in the CCCC.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  She is sued in her individual and official capacity

## IV. FACTS

**A. The May 6, 2018 Unprovoked Assault on Plaintiff De'Von Bean**

17. On May 6, 2018, Plaintiff De'Von Bean was arrested in the city of Euclid at approximately 1:00 pm.

18. Several hours later, Plaintiff was transported by Cuyahoga County Sheriff's Deputies to the CCCC.

19. Plaintiff was compliant at all times.

20. During the booking process at approximately 6:50 pm, Defendant Officers Smith and Miller aggressively approached Mr. Bean and began to stare him down.

21. Plaintiff was not intoxicated at this time.

22. Plaintiff was complying with directions during booking but began to become afraid that Defendants Smith and Miller were going to harm him.

23. Plaintiff began expressing his concerns and fears to the other officers in booking, specifically stating that he felt as if Defendant Smith and Miller were going to do something to him.

24. Plaintiff complied with the remainder of the booking process including removing his shoes and completing the scanning process.

25. Plaintiff was escorted by Defendants Smith and Miller to the 4th floor dress in where Plaintiff was to trade his clothes for the customary orange suit in the CCCC.

26. While exchanging his clothes, Plaintiff began joking that Defendants Smith and Miller take their jobs too seriously.

27. Plaintiff did not threaten Defendants Smith or Miller, nor did he clench his fists in an aggressive stance..

28. Plaintiff made no threatening or aggressive movements and was simply changing his clothes.

29. Plaintiff sensed that Defendants Smith and Miller were becoming angry with him so he proceeded to complete the clothing exchange as quickly as possible.

6

30. As Plaintiff was a little more than halfway close to pulling up the orange pants, out of nowhere and completely unprovoked, Defendant Smith's fist gratuitously came crashing into Plaintiff's right jaw.

31. Defendant Smith had knocked Mr. Bean out for a period of time for which Plaintiff is unsure.

32. When Mr. Bean came to and as he was able to get out the words, "What the fuck?", Defendant Miller gratuitously sprayed Plaintiff with OC spray directly into his mouth, then his nose, and then his eyes and then repeated this horrific process again.

33. As Mr. Bean came to, he immediately felt the excruciating pain in his jaw and knew that his jaw was broken by the force of the punch by Defendant Smith.

34. After this illegal, unconstitutional, unreasonable, and gratuitous amount of force, Defendants Smith and Miller placed and bound Mr. Bean in a restraint chair further and unnecessarily restricting his freedom of movement, and completed paperwork to have Mr. Bean put in Disciplinary Isolation.

35. At all times herein, Defendants Smith and Miller, operating under the pattern and practice of SRT members in the CCCC, attacked and severely injured Mr. Bean simply because they became annoyed with him.

36. Defendants Smith and Miller, operating under the pattern and practice of SRT members in the CCCC, used illegal and unconstitutional force as a punishment.

37. Mr. Bean's jaw was obviously broken and his shirt and mouth were covered in blood.

38. As a direct and proximate result of the illegal, unconstitutional, unprovoked and intentional assault and harmful and offensive touching on Mr. Bean, he suffered the loss

of unconsciousness, severe and permanent pain in his head and jaw, jaw fractures, and injury to his mouth, nose, and eyes from the OC spray.

39. Defendant Smith, operating under the pattern and practice of SRT members in the CCCC, deliberately failed to accurately report the events that lead to the use of force.

40. Defendant Smith, operating under the pattern and practice of SRT members in the CCCC, deliberately failed to report an accurate description of the incident and reason for using force upon Mr. Bean.

41. Defendant Smith, operating under the pattern and practice of SRT members in the CCCC, deliberately failed to report a description of the injuries suffered by Mr. Bean and did not provide any photographs of Mr. Bean's injuries.

42. Defendant Smith, operating under the pattern and practice of SRT members in the CCCC, deliberately failed to report a list of all participants and witnesses to the incident with Mr. Bean.

43. Defendant Miller, operating under the pattern and practice of SRT members in the CCCC, deliberately failed to write any report about the use of force on Mr. Bean.

44. The deliberate failure of Defendants Cuyahoga County and Mills to train, supervise, and investigate SRT members is obvious here.

45. The Cuyahoga County Corrections Center Policy Number 0002 Use of Force (Response to Resistance), signed by Defendant Kenneth Mills, requires that all use of force incidents be documented to include: 1) an account of events that lead to the use of force; 2) an accurate description of the incident and reasons for using force; 3) a description of the injuries suffered, photographs inclusive; and 4) a list of all participants and witnesses to the incident.

46. This policy also requires that that recordings are to be forwarded to the Regional Director of Corrections – Defendant Kenneth Mills.

47. This means that Defendant Mills should have received videos that began <u>after</u> the use of force, which show a bloody, OC sprayed inmate with a broken jaw and bloody shirt, and did not question the use of force.

48. There is no indication that Defendant Mills did any investigation into the use of force upon Mr. Bean.

49. Defendant Miller, operating under the pattern and practice of SRT members in the CCCC, also deliberately failed to write a report about using OC spray on Mr. Bean.

50. The Cuyahoga County Corrections Center Policy Number 0028, Chemical Agents, signed by Defendant Kenneth Mills, requires that an officer who uses a chemical agent must complete a detailed report which must contain the who, what, when, where, how and why the action was taken, along with mention that the warnings were given. This policy further requires that the shift supervisor shall submit a cover report to Executive Correction Staff containing the "detailed synopsis" of the incident/circumstances that lead to the utilization of Chemical Agents.

51. There is no indication that Defendants Cuyahoga County and Mills did any investigation into the use of OC Spray on Mr. Bean.

52. Defendants Smith and Miller used extreme, excessive, and unreasonable force while on duty when they physically assaulted and battered Mr. Bean.

53. There was no reason for Defendants Smith and Miller to abuse and assault Mr. Bean. This conduct amounted to an unnecessary, illegal, unconstitutional, unreasonable,

excessive use of force as a form of punishment, conduct that is clearly allowed and ratified by Defendants Cuyahoga County and Mills.

**B. The Inadequate Medical Care**

54. Mr. Bean was taken in the restraint chair to the dispensary on May 6, 2018 at approximately 7:05 pm.

55. Mr. Bean's broken jaw and bloody mouth would have been obvious to a layperson, but Defendant Catherine Clark completely disregarded these obvious injuries and wrote in her notes: "No bleeding, or break in skin, or other obvious injury noted."

56. Mr. Bean, bloody and in excruciating pain, was sent back to his cell.

57. Mr. Bean continued to suffer in excruciating pain and was then taken back to the dispensary on May 6, 2018 at approximately 10:54 pm.

58. By this time, Mr. Bean's condition had worsened and he feared that by the time he saw a doctor, his jaw would not be repairable.

59. Defendant Clark finally acknowledged Mr. Bean's complaints and fears about his jaw and instructed Mr. Bean that he would be seen by a provider in the morning. This did not happen.

60. Instead, Mr. Bean was left to suffer in excruciating pain without medical attention for approximately 18 hours.

61. Mr. Bean was not seen by a doctor until May 7, 2018 at approximately 4:45 pm.

62. At this time, Defendant Mary Hancock, MD observed that Mr. Bean had swelling to the right jaw and face with decreased sensation over the right cheek.

63. Defendant Hancock also observed that Mr. Bean's jaw opening was limited due to pain and swelling.

64. An x-ray was done and Defendant Hancock's interpretation was a right mandibular fracture separated by 3 mm and a probable mental fracture to the left midline.

65. Despite this finding by Defendant Hancock, Mr. Bean was again sent back to his cell and left to suffer without proper medical attention.

66. Mr. Bean was in serious need of emergency care after the May 6, 2018 attack, but was not taken to Metro until May 8, 2018, where the mandibular fracture was confirmed by a CT contrast.

67. Mr. Bean suffered with a broken jaw in the CCCC from the evening of May 6, 2018 to the morning of May 8, 2018 – approximately 29 hours of pain and suffering.

68. Mr. Bean returned from Metro on May 8, 2018 at approximately 12:45 am. He had been prescribed Percocet for his jaw fracture pain.

69. Again, Mr. Bean was left in a cell in excruciating pain with no medical attention.

70. Approximately 8 hours later, Defendant Hancock reviewed Mr. Bean's records from Metro and ordered his medications.

71. Mr. Bean, however, did not receive his prescribed pain medication until May 9, 2018 at approximately 2:32 am.

72. Mr. Bean waited approximately 26 hours in excruciating pain for his pain medication.

**C. Harm to Plaintiff**

73. As a direct and proximate result of the conduct of each Defendant, De'Von Bean suffered permanent physical injury, pain, emotional and psychological trauma.

74. Mr. Bean lost wages and will lose additional wages in the future, Mr. Bean incurred medical bills and will incur additional medical bills in the future for his severe and permanent physical and emotional injuries.

## V. CLAIMS

### FIRST CAUSE OF ACTION– § 1983-EXCESSIVE FORCE
### (Defendants Brandon Smith and Marvin Miller)

75. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

76. Defendants Smith, Miller, Cuyahoga County, and Mills have under color of law, deprived De'Von Bean of rights, privileges, and immunities secured to him by the United States Constitution including the right to be free from excessive force under the Fourth Amendment as applied to the States through the Fourth and Fourteenth Amendments.

77. Defendant Smith used excessive force when he illegally, unconstitutionally, and unreasonably punched Mr. Bean in the jaw as a punishment.

78. Defendant Miller used excessive force when he illegally, unconstitutionally, and unreasonably sprayed OC spray in the mouth, nose, and eyes of an already-injured and semi-unconscious inmate as a form of punishment.

### SECOND CAUSE OF ACTION–ASSAULT AND BATTERY
### (Defendants Brandon Smith and Marvin Miller)

79. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

80. Under Ohio law Defendants Smith's and Miller's acts of touching against De'Von Bean constitute battery.

81. Defendants Smith and Miller engaged in an unprivileged, intentional, gratuitous, harmful, offensive touching of De'Von Bean without his consent.

82. Defendants Smith's and Miller's battery was a direct and proximate cause of De'Von Bean's severe and permanent injuries.

83. As a direct and proximate result of the unprovoked, intentional, harmful, and offensive touching by Defendants Smith and Miller on Mr. Bean, he suffered loss of unconsciousness, severe pain in his head and jaw, jaw fractures, a scalp laceration, and surgery to repair his jaw and may require additional surgeries in the future.

84. Mr. Bean incurred medical bills and will incur additional medical bills in the future.

### THIRD CAUSE OF ACTION– MONELL CLAIM
### (Defendants Cuyahoga County and Kenneth Mills)

85. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

86. Defendants Cuyahoga County's and Mills's policies, practices, customs, and usages regarding subject control, use of force and the documentation of uses of force were and are a moving force behind the excessive force used on Mr. Bean by Defendants Smith and Miller.

87. Defendants Cuyahoga County and Mills customarily allows officers, specifically SRT members, to engage in the use of excessive force without being held accountable or disciplined for their misconduct.

88. Defendants Cuyahoga County and Mills fail to train and supervise officers on the use of force and use of force documentation.

89. Defendants Cuyahoga County and Mills fail to enforce policies, procedures, customs, usages, practices and protocols regarding use of force and documentation of use of force.

90. Defendants Cuyahoga County and Mills fail to institute and train Supervisors and officers to hold each other accountable when illegal, unconstitutional, and excessive force is utilized in the field.

91. Defendants Cuyahoga County and Mills have not disciplined Defendants Smith or Mills for the misconduct of these Officers.

92. An investigation into the events involving the De'Von Bean, if any, was so incomplete and inadequate as to constitute a ratification by the Defendants Cuyahoga County and Mills of Defendants' conduct.

93. The training and supervision provided by Defendants Cuyahoga County and Mills to the Defendant Officers identified herein was deliberately indifferent to the safety of the citizens, including citizens such as Mr. Bean.

94. The conduct of the Cuyahoga County and Mills identified above constitutes a pattern and practice and again amounts to a moving force behind the constitutional violations and injuries inflicted upon De'Von Bean.

95. SRT members in the CCCC consistently use illegal, unconstitutional, and excessive force on inmates in the custody of the CCCC with no investigations into their conduct. They are not held accountable for their conduct.

96. This way of doing things is so permanent and well settled in the CCCC that is constitutes a custom, a pattern, and a practice. There have been repeated complaints and notice to Defendants Cuyahoga County and Mills of constitutional violations by SRT members, including by Plaintiff De'Von Bean.

97. The conduct described herein constitutes a pattern, practice, custom, habit, and policy of Defendants Cuyahoga County and Kenneth Mills.

### FOURTH CAUSE OF ACTION– 42 U.S.C. §1983
### (Defendants The MetroHealth System, Catherine Clark, RN and Mary E. Hancock, MD)

98. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

99. Defendants The MetroHealth System, Clark, and Hancock have, under color of state law, deprived De'Von Bean of rights, privileges and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution, including but not limited to the right to adequate medical care as a jail inmate.

100. Defendants The MetroHealth System, Clark, and Hancock were each deliberately indifferent to the serious medical needs of De'Von Bean. Defendants knew Mr. Bean had been attacked and, as a result, had suffered a fractured jaw.  Defendants were aware that there was a serious medical need and a substantial risk of serious harm to Mr. Bean and they deliberately disregarded that risk. As a result of these Defendants' conduct, Mr. Bean suffered severe and permanent physical and psychological pain and suffering.

### FIFTH CAUSE OF ACTION– NEGLIGENCE/MALPRACTICE BY THE METROHEALTH SYSTEM
**(Defendant The MetroHealth System)**

101. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

102. Defendant The MetroHealth System and its employees and its agents owed a duty of reasonable care to Mr. Bean.

103. Defendant The MetroHealth System and its employees and its agents have a duty to provide qualified medical personnel to perform medical and nursing services in the CCCC and a duty to use reasonable care in determining the qualifications of its contractors, agents, and employees who provide medical and nursing services to inmates in the CCCC.

104. Defendant The MetroHealth System and its employees and its agents have a duty to establish appropriate medical policies and procedures concerning the medical and nursing treatment of inmates in the CCCC and a duty to manage their CCCC agents, contractors, employees, as well as implement and enforce appropriate protocols, policies, and procedures.

105. Defendant The MetroHealth System and its employees, agents, and contractors were negligent and breached their duty of care to Mr. Bean by negligently hiring, training, supervising, and retaining incompetent medical personnel.

106. Defendant The MetroHealth System breached their duty to provide to Mr. Bean reasonable medical and nursing care consistent with standard medical practices in violation of Ohio law. (Dr. Mendel Affidavit of Merit Pursuant to Ohio Rule 10(D)(2).)

107. The conduct of Defendant The MetroHealth System proximately caused Mr. Bean's severe and unnecessary physical and psychological pain and suffering.

### SIXTH CAUSE OF ACTION– NEGLIGENCE/MALPRACTICE BY NURSE
### (Defendant Catherine Clark, RN)

108. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

109. Defendant Clark owed a duty of reasonable care to Mr. Bean.

110. Defendant Clark breached her duty to provide to Mr. Bean reasonable medical and nursing care consistent with standard medical practices in violation of Ohio law. (Dr. Mendel Affidavit of Merit Pursuant to Ohio Rule 10(D)(2).)

111. The conduct of Defendant Clark was negligent, malicious, willful, wanton, and reckless.

112. The conduct of Defendant Clark proximately caused Mr. Bean's severe unnecessary physical and psychological pain and suffering.

### SEVENTH CAUSE OF ACTION– NEGLIGENCE/MALPRACTICE BY PHYSICIAN
### (Defendant Mary E. Hancock, MD)

113. Plaintiff incorporates and restates each of the above paragraphs as if fully rewritten herein.

114. Defendant Hancock owed a duty of reasonable care to Mr. Bean.

115. Defendant Hancock failed to use reasonable care in diagnosing and treating the symptoms experienced by Mr. Bean.

116. Defendant Hancock breached her duty to provide to Mr. Bean reasonable medical care consistent with standard medical practices in violation of Ohio law. (Dr. Mendel Affidavit of Merit Pursuant to Ohio Rule 10(D)(2).)

117. The conduct of Defendant Hancock was negligent, malicious, willful, wanton, and reckless.

118. The conduct of Defendant Hancock deviated from the standard medical practices, all in violation of Ohio Law. Defendant Hancock's conduct proximately caused Mr. Bean's severe and unnecessary physical and psychological pain and suffering.

### VI. JURY DEMAND

**119.** Plaintiff hereby demands a trial by jury of all issues triable by jury.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages in an amount to be shown at trial (except as to the County);

C. Award Plaintiff reasonable attorney's fees, costs and disbursements;

D.	Award Pre and post judgment interest;

E.	Compel Defendants to engage in positive changes related to customs, practices, habits, and policies;

F.	Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ Sara Gedeon
David B. Malik (0023763)
Sara Gedeon (0085759)
Malik Law
8437 Mayfield Road Suite 101
Chesterland, Ohio 44026
(440) 729-8260
(440) 490-1177
dbm50@sbcglobal.net
sgedeon1021@gmail.com
